IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

SHANNAN LILLA,                           Civ. No. 6:25-cv-01485-AA

           Plaintiff,                       **OPINION & ORDER**

      v.

FEDERAL GOV.

           Defendant.

_____

AIKEN, District Judge.

      Self-represented Plaintiff Shannan Lilla seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. Plaintiff has also filed a Motion for Appointment of Pro Bono Counsel. ECF No. 3. For the reasons set forth below, Plaintiff's IFP application is GRANTED, but the Complaint, ECF No. 1, is DISMISSED with leave to amend and without service on Defendants. The Motion for Appointment of Counsel is DENIED.

### LEGAL STANDARD

      Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make

two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should

construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, the Court is satisfied with Plaintiff's showing of indigency, ECF No. 2, and the petition will be GRANTED.

The first page of Plaintiff's Complaint lists only "federal Gov" as Defendant, although subsequent pages include numerous other possible defendants, including: Pewscience media, Ecommerce, Global Capitol marketing, "Journalist," Google, Samsung, "UK Parliment [sic]," Charter: Spectrum, PCH, "Amazon-facebook-microsoft-google," "Insured 2018," federal banks, Experian, "Nortan," "Privacy Max," Trump, Elon Musk, "Secret Society," "State of OR," "97.1 Rock," Apachi OR Software, and Domain Technology. Compl. 1.

Much of the Complaint is incoherent and impossible for the Court to parse. For example, the Complaint contains allegations such as:

- "All my accounts have been abused Tampered, Changed outcome of it Left me, feeling tortsured [sic], mentally tortsured [sic], Ptsd, used me in every way from Body features, internal features (DNA) Blood line, AI cloned features All Plus Voice, Bloodlines." Compl. 3.

- "I want what's mine Im [sic] demanding my money account, I want to meet my clohn [sic] See my better half, stem cells science, foundation company[.]" Compl. 3.

- "A massive group of secrets all through our Nation out of that group of votes I was told my Description was not the middle man But the Chosen One." Compl. 6.

- "Push Button I had joind [sic] only to find out Eric started using me for his Schootings [sic] in UK for my Data which I couldn't access my Electronics at times Being locked out." Compl. 13.

At one point, the Complaint appears to shift into a letter written by Plaintiff to third parties. Compl. 12 ("Trump Epoch Times, This is Shannan Lilla I have to get straight to the point I just Read your paper with epoch times about China (I Soon).").

The Court is unable to discern any claim or claims from the Complaint, nor would any Defendant, if served with the Complaint as presently pleaded, be able to understand what claims were being made against them. This falls short of the federal pleading standards and so the Complaint must be dismissed. Because Plaintiff is self-represented, the Court will grant leave to amend. In preparing the amended complaint, Plaintiff should briefly and clearly explain who the defendants are, what the defendants have done, how Plaintiff has been injured, and why Plaintiff believes the defendants should be held liable for the injury. Plaintiff shall have thirty (30) days from the date of this order in which to prepare an amended complaint. Plaintiff

is advised that failure to file an amended complaint in the allotted time will result in the entry of a judgment of dismissal without further notice.

Finally, the Court turns to the Motion for Appointment of Counsel. A district court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *See Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). "A finding of exceptional circumstances . . . requires at least an evaluation of likelihood of the plaintiff's success on the merits and plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotation marks and citation omitted). For the reasons discussed above, the Court has concluded that Plaintiff has failed to state a claim and has dismissed the Complaint. The Court does not find exceptional circumstances warranting the appointment of counsel. The motion is therefore DENIED.

## CONCLUSION

For the reasons set forth above, Plaintiff's Application for Leave to Proceed IFP, ECF No. 2, is GRANTED, but the Complaint, ECF No. 1, is DISMISSED with leave to amend and without service on Defendants. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in a judgment of dismissal without further notice. Plaintiff's Motion for Appointment of Counsel, ECF No. 3, is DENIED.

It is so ORDERED and DATED this ___25th___ day of August 2025.

        /s/Ann Aiken
        ANN AIKEN
        United States District Judge