IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

SHANNAN LILLA,

            Plaintiff,

    v.

FEDERAL TRADE PCH,

            Defendant.

Civ. No. 6:25-cv-01485-AA

**OPINION & ORDER**

AIKEN, District Judge.

On August 25, 2025, the Court dismissed self-represented Plaintiff Shannan Lilla's Complaint with leave to amend. ECF No. 6. Plaintiff timely filed an Amended Complaint, ECF No. 8. For the reasons set forth below, the Amended Complaint is DISMISSED for failure to state a claim and final judgment shall be entered in this case.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to

Page 1 –OPINION & ORDER

pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of

any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Plaintiff initially filed this action on August 20, 2025. On August 25, 2025, the Court granted Plaintiff's IFP petition but dismissed the Complaint with leave to amend. ECF No. 6. In dismissing the original Complaint, the Court observed that the pleading was incoherent and that no defendant, if served with the Complaint, would be able to make out what claim or claims were being made against them. The Court dismissed the Complaint and provided instructions on how Plaintiff might compose a viable amended complaint. Plaintiff's Amended Complaint, ECF No. 8, is timely filed.

However, Plaintiff's Amended Complaint itself contains no allegations and the section where Plaintiff is asked to describe her claims is left blank. The Amended Complaint is accompanied by nearly 180 pages of material, which alternates between printouts, copies of letters, documents such as Plaintiff's birth certificate, and handwritten sections. Plaintiff has also included "Character References" from Judicial Watch and Donald Trump, but the attached documents appear to be fundraising letters from Judicial Watch, Republican Presidential Task Force, HUCK PAC for America, and Law Enforcement Legal Defense Fund. The first handwritten section is captioned "Science" and appears to describe Plaintiff's interactions with

"the Secret Society." ECF No. 8-1, at 19. The Court has reviewed the entire filing and is unable to discern what claims Plaintiff is seeking to make or who those specific claims are directed against.

The Court previously dismissed the original Complaint due to its incoherence and the Amended Complaint has not remedied the defects identified by the Court in its previous Order. The Amended Complaint must be dismissed for failure to state a claim. The Court concludes that granting further leave to amend would be futile. Dismissal shall therefore be without prejudice but without further leave to amend.

## CONCLUSION

For the reasons set forth above, the Amended Complaint, ECF No. 8, is DISMISSED without prejudice but without further leave to amend. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___22nd___ day of September 2025.

    /s/Ann Aiken
ANN AIKEN
United States District Judge